UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ABDISALAN IBRAHIM HASSAN,
Petitioner,

v.

JEREMY CASEY, Warden,
Respondent.

Case No.: 26cv5861-LL-BJW

**ORDER CONDITIONALLY APPOINTING COUNSEL AND SETTING BRIEFING SCHEDULE**

Petitioner Abdisalan Ibrahim Hassan, proceeding pro se, is a detainee in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement. On October 13, 2026, he filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). The same day, he also filed a Motion for Appointment of Counsel. ECF No. 2.

Petitioner is a noncitizen who appears to claim that his detention violates the Due Process Clause. Pet. He seeks a writ of habeas corpus directing Respondent to order his release. *Id.* at 9.

The Court finds that representation will serve the interests of justice in this § 2241 petition, given the complexity and potential validity of the constitutional, statutory, and procedural issues presented. 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952,

954 (9th Cir. 1983). Accordingly, the Court **GRANTS** Petitioner's Motion to Appoint Counsel by **CONDITIONALLY APPOINTING** Federal Defenders of San Diego, Inc. as counsel effectively immediately. However, if Federal Defenders of San Diego, Inc. determines that Petitioner is not financially eligible to be appointed counsel or that it does not have the resources to represent Petitioner, Federal Defenders of San Diego, Inc. shall notify Petitioner and file notice with the Court on or before **October 27, 2026**. If that occurs, Petitioner shall continue unrepresented.

Additionally, the Court finds it necessary to order a limited stay pursuant to the All Writs Act, 28 U.S.C. § 1651, to preserve the status quo until the Court can provide a reasoned decision, in order to avoid any potential jurisdictional problems if Petitioner is removed from this district.[1] *See E-C-R- v. Noem*, No. 3:25-CV-1230-SI, 2025 WL 2300543, at *1 & n.1 (D. Or. July 16, 2025) ("Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo." (collecting cases)).

Accordingly, the Court **ORDERS** the following:

1. On or before **October 30, 2026**, Petitioner may file an amended petition. An amended petition will supersede and replace the original petition, so the amended petition must be complete in and of itself without reference to the original petition.

2. Respondent is **ORDERED TO SHOW CAUSE** why the Petition should not be granted by filing a written Return on or before **November 6, 2026**. The Return shall include any documents relevant to the determination of the issues raised in the Petition and shall address whether an evidentiary hearing on the Petition is needed. Respondent shall serve a copy of the Return upon Petitioner concurrently with the filing.

/ / /

[1] Under the All Writs Act, "all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

3. Petitioner may reply to the Return by filing a Traverse by **November 13, 2026**.

4. After briefing is complete, the Court will take the matter under submission and without oral argument pursuant to Local Civil Rule 7.1(d)(1), unless the parties are notified otherwise.

5. Respondent, his agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby **ENJOINED** from removing Petitioner from the United States or this district pending further order of the Court, to maintain the status quo to allow the Court to provide a reasoned decision.

6. The Clerk of Court shall transmit a copy of this Order and the Petition [ECF No. 1] to the U.S. Attorney's Office for the Southern District of California.

**IT IS SO ORDERED.**

Dated: October 16, 2026

Honorable Linda Lopez
United States District Judge